UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMARI J. MOODY, | |
| Plaintiff, | |
| -against- | 26-CV-0128 (LTS) |
| KEVIN WEIMER; BRITTANY POLEY; JOHN AND JANE DOES 1-5, | TRANSFER ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Dacula, Gwinnett County, Georgia, brings this *pro se* action under 42 U.S.C. § 1983 and the Rehabilitation Act, alleging that Defendants violated his rights in the Northern District of Georgia.[1] Named as Defendants are Kevin Weimer, Clerk of Court for the United States District Court for the Northern District of Georgia; Brittany Poley, a supervisory clerk at the Northern District of Georgia; and five John and Jane Does. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Georgia.

## DISCUSSION

**A.      Transfer order**

Venue for Plaintiff's claims against federal employees under Section 1983 and the Rehabilitation Act is governed by 28 U.S.C. § 1391(e). Under Section 1391(e)(1), venue is proper in

---

[1] Plaintiff's claims arise from Defendants' alleged failures to process court filings made by Plaintiff in the United States District Court for the Northern District of Georgia. While Plaintiff does not allege the specific courthouse of the Northern District of Georgia at which his claims arose, it is clear that the events occurred in a county within the Northern District of Georgia.

any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not plead the residence of any of the defendants, but he asserts that the alleged events giving rise to his claims occurred in the Northern District of Georgia. Because Defendants are employed at United States District Court for the Northern District of Georgia, and the alleged events occurred in the Northern District of Georgia, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(e)(1)(A), (B). Moreover, because this action involves no real property and Plaintiff resides in Gwinnett County, which is also within the Northern District of Georgia, *see* 28 U.S.C. § 90(a), venue is not proper in this court under Section 1391(e)(1)(C).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in the Northern District of Georgia, which is also where Plaintiff resides. Accordingly, venue lies in the Northern District of Georgia, 28 U.S.C. § 1391(e)(1)((B), (C), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

**B.        Warning**

In the past couple weeks, Plaintiff has filed three IFP actions in this court that the court has transferred to the Northern District of Georgia. *See Moody v. Boudewyns*, No. 26-CV-0222 (LTS) (S.D.N.Y. Jan. 13, 2026) (transferring action brought against employees of Gwinnett County Superior Court arising from events occurring in Gwinnett County); *Moody v. Nelnet, Inc.*, No. 26-CV-0012 (LTS) (S.D.N.Y. Jan. 9, 2026) (transferring action against defendant not alleged to reside in this district arising from claims not alleged to have occurred in this district); *Moody v. Kijakazi*, No. 26-CV-0109 (LTS) (S.D.N.Y. Jan. 8, 2026) (transferring mandamus claims). In *Boudeywns*, *Nelnet*, and this current action, Plaintiff alleged no facts suggesting that venue was proper in this court. If Plaintiff continues to file actions in this court for which venue is not proper, the Court, in the interest of justice, will decline to transfer the action to a proper venue, but will instead dismiss the action. *See* 28 U.S.C. § 1406(a); *Morel v. Aids Ctr. of Queens Cnty., Inc.*, No. 23-CV-6018 (DLC), 2023 WL 8452402, at *2 (S.D.N.Y. Dec. 6, 2023) ("If 'allowing a transfer' would 'reward [a] plaintiff[ ] for [its] lack of diligence in choosing a proper forum,' transfer is 'not in the interest of justice.'" (quoting *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992))).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court warns Plaintiff that, if he continues to file civil actions in this court for which venue is not proper, the Court will direct him to show cause why he should not be barred from

filing any new civil action IFP in this court without first receiving permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 20, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge