UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMARI J. MOODY,

                    Plaintiff,

           -against-                                  26-CV-0128 (LTS)

KEVIN WEIMER; BRITTANY POLEY; JOHN                    ORDER
AND JANE DOES 1-5,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated January 20, 2026, the Court transferred this action, under 28 U.S.C. § 1406, to the United States District Court for the Northern District of Georgia. (ECF 7.) On January 23, 2026, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 10.) Between January 23, 2026, and February 9, 2026, Plaintiff filed five motions and "notices": (1) a "Motion for Clarification and Limited Partial Reconsideration (ECF 8); (2) a "Supervisory Notice of Procedural Defects and Record Preservation" (ECF 9); (3) a "Motion to Declare the January 20 Transfer Order and February 2 Order Void for Structural Defects, Ultra Vires Action, and ADA Violations"[1] (ECF 13); (4) a "Motion to Compel Proper Emergency Review of Rule 65 Filings, ADA Access Motions, and Judicial-Access Preservation Requests" (ECF 14); and (5) a "Notice of Title II ADA Violations, Administrative Obstruction, and Required Corrective Action (ECF 15).[2]

---

[1] The Court did not issue an order in this action on February 2, 2026.

[2] Plaintiff also filed two petitions for a writ of mandamus captioned for the Court of Appeals for the Second Circuit. (ECF 11-12.) Because those submissions are not captioned for this court, the Court does not address them in this order.

The Court liberally construes Plaintiff's submission as a motion for reconsideration under Local Civil Rule 6.3 and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]" (citations omitted)). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

### A.  Jurisdiction

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Where a notice of appeal is filed before the district court resolves a timely Rule 60 motion, however, the notice of appeal takes effect after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Here, Plaintiff timely filed his motion under Rule 60 within 28 days of the Court's January 20, 2026 transfer order. The Court therefore has jurisdiction to consider his motion notwithstanding his filing of a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(iv).

### B.  Motion for Reconsideration under Local Civil Rule 6.3

The standards governing Local Civil Rule 6.3 are the same as those governing a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (discussion in the context

2

of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment."[3] *Id.*

In his submission, Plaintiff restates allegations that were contained in his complaint and addressed by the Court in its transfer order, or simply asserts that the Court must address his complaint despite the fact that he filed it in an improper venue. Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

---

[3] Here, Plaintiff submitted his first two motions within 14 days of the January 22, 2026 entry the Court's transfer order. For purposes of meeting the 14-day deadline, the Court will construe Plaintiff's submissions filed on February 9, 2026, as supplements to the submissions timely filed on January 23, 2026.

**C.**     **Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Plaintiff argues that the Court's transfer order is void under Rule 60(b)(4). That provision is inapplicable, however, because it applies only to judgments, and no judgment was entered in this action. *See Golden Oldies, Ltd. v. Scorpion Auction Grp., Inc.*, 199 F.R.D. 98, 100 (E.D.N.Y. 2001) (holding that "60(b)(4) . . . [is] not implicated because no 'judgment' has been rendered against" the moving party). Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to

warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

If Plaintiff continues to file meritless motions in this closed action, the Court will direct Plaintiff to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 8, 9, 13, 14, 15) is denied. The Clerk of Court is directed to terminate all motions in this action.

If Plaintiff continues to file meritless motions in this closed action, the Court will direct Plaintiff to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 17, 2026
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

5